Doyle, J.
Watson was indicted under section 6900 of the Revised Statutes, for offering a bribe to a member of the House of Representatives, to influence his vote upon a bill then pending in said house. The indictment contains two counts. The first count charged in substance, that the defendant on the 23d.of March, 1883, during the pendency before said house of a bill “Providing for the extension of the Miami and Erie canal, and building and maintaining a railway through the city of Cincinnati,” known as House bill No. 209, to corruptly influence one William Bloch, a member, &c., to vote for said bill, did corruptly offer and promise to said Bloch, “ a valuable thing, to wit, stock of the Cincinnati Union Railway Company, of the amount and value of twenty thousand dollars ■and a large amount of money of great value.”
The second count charged that Bloch was also a member of the standing committee of the house on public works, to which committee the bill aforesaid was referred. And that for the purpose of influencing him as a member of the house to vote for the bill, and as member of the committee to vote for a favorable report on. tho bill, did corruptly offer and promise, &c., repeating the offer in the language already quoted from the first count.
At the January term, 1883, of the court of common pleas of Franklin county, the defendant was tried and convicted on both counts of the indictment. A motion for a new trial was made and overruled and the defendant sentenced to a term in the penitentiary. He thereupon filed in this court a motion for leave to file a petition in error, to procure a reversal of that judgment. During the progress of the case after the indictment, the defendant filed in the order named, a motion to quash, a demurrer to each count of the indictment, and a motion to require the state to elect, under the second count of the indict *125 ment, which offense it would proceed upon, assuming that two distinct offenses were therein charged, each of which was, at the proper time, overruled by the court, and exceptions taken by said defendant.
These several rulings and orders of the court are alleged to be error and will be considered together, as each of said motions and demurrers was intended to present the question as to the sufficiency of the indictment.
1. It is claimed that the second count of the indictment is bad for duplicity; that it chai-ges separate and distinct offenses. That attempting to bribe a member of a legislative committee as to his action as such, was an offense at common law, and that as the indictment charges that this bill No. 209, was, at the date alleged, in the committee, an offer to bribe him as such committeeman is a different offense from an offer to bribe him as a member of the house. Hence, it is urged, the two offences, both being indictable at common law, cannot be charged in one count.
Conceding that these acts constituted distinct offenses at common law, the legislature has the power to make them one offence by statute. As we have no common law crimes in Ohio, the inquiry is, are there two crimes, made such by statute, charged in this count of the indictment ?
The provision of the statute, § 6900, R. S. is as follows : “ Whoever corruptly gives, promises, or offers to any member or officer of the general assembly, or of either house thereof either before or after his election, qualification, or appointment any valuable thing ... to influence him with respect to his official duty, or to influence his action, vote, opinion, or judgment in any matter pending or that might legally come before him,” &c.
What is charged in this second count is that the offer was made to Bloch, a member of the house and also a member of the committee of such house, to induce him to vote for the bill and to vote for a favorable report in the committee. Within the meaning of this statute the member does not occupy the dual character claimed for him. What he does in committee he does as a representative, the committee being but a *126 subdivision of the legislative body for certain purposes, among which is that of examining bills and reporting to the whole body upon their merits. To attempt by a bribe to influence his vote upon a pending bill, either in the committee of which he is a member,or in the house when the bill is put to a vote, is a crime under this statute. To allege either, without the other, would be good. To allege the bribe was offered to induce the member to do both is certainly good.
2. It is further urged that the indictment does not sufficiently charge that anything of value was offered, because it is not charged that the Cincinnati Union Railway Co. was, when the offer was made, legally incorporated or authorize^ to issue stock, nor any fact which imported present value to such stock ; nor, it is said, is it charged that any specific amount of money, having a value expressed by a sum certain, was offered ; the term “ a large amount of money of great value ” being too indefinite for good pleading. "Wo think the objection is not well taken. It is not necessary to allege or prove the quantity of value, where that is not an essential element of the crime. Under the statute it is not material whether the value of the thing offered is great or small, if it is in fact valuable. To offer one dollar, for the corrupt purpose of influencing the vote of a legislator, is as complete an offense as to offer one hundred dollars. Money necessarily imports value. The term “ anything of value ” includes money in this state, by express statutory provision. Rev. Stats. § 6794. Hence, the distinction does not exist here, which is found in some stales, between “a thing of value” and “money” in an indictment. Reading these two sections of the Revised Statutes together and testing thereby this part of the offer, the result is the same as if § 6900 read: “ Whoever corruptly offers any money.” The requirements of the statute, to constitute the crime, are fully met by allegation and proof that the defendant offered a large sum of money. A promise, or offer in just that language, without naming any definite sum, with the corrupt purpose of influencing the vote of the member, would be a crime under this statute, and the indictment need not charge more.
We will consider the offer of the stock when we come to treat of the charge of the court.
*127 3. Upon tiie trial and before the close of the argument, the defendant asked the court to charge the jury as follows :
“ The jury, before they can convict the defendant, must find that about the 23d of March, 1882, the defendant, with intent to corruptly influence the vote, opinion, judgment and action of William Bloch as a member of the general assembly, did offer him stock of Cincinnati Union Railway Co., and you must further find that there was such stock in existence, and that it had some value; or if there was no such stock, or if there was such stock and it had no value, then in order to sustain the indictment and warrant a conviction of the defendant you must find that the defendant offered to William Bloch a specified or definite sum of money, and that such offers, or one of them, were made while House bill No. 209 was actually pending before the House of Representatives.”
This charge the court refused to give, but did charge the jury that “ the state, in order to convict, must show that there was a promise or offer made to said Bloch for the purpose of controlling or influencing his vote and legislative action upon this bill; and it must further show, if you find that anything was promised or offered, that the thing promised or offered was of some value. It does not matter how much or how little it may have-been, but it must be of some value at the time of the promise or offer.” And again. “ I will charge you that you must find that the thing offered had a value at the time it was so offered, and the bill pending.”
The request of the defendant contained three distinct propositions. Two of them, viz.: that the offer of money must be a specified and definite sum, and that the bill must be actually pending before the house, by which was meant (in view of the claim made thereon by defendant’s counsel on the trial) before the house, and not in the committee, we have already disposed of. As all of the propositions were contained in a single request, which in these respects was erroneous, it was properly refused. The third proposition in defendant’s request, viz.: that the stock or thing offered must have a value at the very time it was offered, was given by the court in much stronger language than that contained in the request. There was no *128 error, therefore, in the charge to the prejudice of the defendant ; it was much more favorable to him than the law is. The evil of the charge is, that it so construes the statute as to leave unprovided for, and allow to go unpunished, the very worst forms of bribery.
It was proved on the trial that the organization of the Cincinnati Union Railway Co. had not been legally perfected as provided by section 3241 of the Revised Statutes, and hence its stock had not yet been legally issued. The effect of the charge given therefore, was practically to take this part of the case from the consideration of the jury. But the proposition to a legislator in a case of this kind, may be in effect, that if he will use his influence and vote, as a representative and committeeman, to obtain a grant of a valuable franchise from the state, he shall be paid therefor a part of the gi;ant, or that which represents a part of the grant, to wit: stock in the company incorporated to receive the grant. A very dangerous species of bribery, although such stock may not at the time of the promise be in existence.
The offer in this case, if it was made, to give stock in this company to the amount and of the value of $20,000, involved a promise that at the time of delivery it should be legal stock and valuable. To offer or promise to give a thing, and in connection therewith, to promise to do some act before the time the thing is to be given, which will give it value, or to offer a thing in the future which, at the time agreed upon for delivery, will have a value, is to offer a valuable thing.
Suppose there was nothing illegal or improper in the contract proposed in this case, but it could be enforced as any other valid contract in an action by Bloch against defendant for the contract price for his services,alleging that it had been entered into and fully performed by him. Would it be any defense to say, “ True, I promised you stock in the railway company, not only to the amount but of the value of $20,000; but the company was not then legally organized, and its stock then had no value ; hence I did not agree to pay you anything of value ?” Would he not rather be held to have agreed that when the time of performance on his part arrived, there should *129 be such stock legally issued, and that it would be of the value named, and upon his failure to fulfill such agreement be liable to a judgment ?
This statute, like other criminal statutes, must be strictly construed, so that no act shall be held under it to be a crime not within its letter; but it must also be reasonably construed, and the words used in it be given their fair import and meaning. The construction given to it by the court in this charge would permit a man to promise a legislator that after his vote was recorded a particular way upon a pending bill, the promisor would execute to him a negotiable promissory note, or procure A. or B. to execute and deliver such note, or subscribe for the capital stock of a corporation, which the promoters of the project were about to organize, and deliver him such stock or give him a portion or percentage of whatever was realized out of some venture, to be aided by the legislation sought thereby to be corruptly influenced, and escape liability. The thing offered must be a thing of value ; but of value when ? It may be a thing of great value at the time it is to be delivered, and have no existence at the time of the promise. It will have its evil influence and be as pernicious as any form of bribery.
When this statute therefore prohibits giving, offering or promising anything of value, it must be held to mean of value when it is given, offered, or promised, or when, by the terms of the offer or promise, it is to be given.
4. It is claimed the verdict is against the weight of testimony. Wo cannot examine the record for the purpose of determining that question. Section 7356, R. S., as amended April 18, 1883, by the act entitled “An act to .amend sections 455, 6710, 6711, and 7356 of the Revised Statutes,” prohibits such examination. While this motion was filed before the passage of that act, if we grant it, and the case takes its place on the docket, it will be governed by the provisions of the section as thus amended.

Motion overruled.